```
                                                              FILED
                                                       U. S. DISTRICT COURT
                                                     EASTERN DISTRICT ARKANSAS
        IN THE UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF ARKANSAS                    AUG 0 6 2020
                    DELTA DIVISION
                                                     JAMES W. McCORMACK, CLERK
                                                     By:_____
                                                                          DEP CLERK
EDWARD DENNIS, MATTHEW                                            PLAINTIFFS
CHAMBERS, TANYA MITCHELL
and ANDREW BLAKE WILLIAMS


vs.                              No. 5:19-cv-296-LPR


SCHELL & KAMPETER, INC.                                            DEFENDANT
```

### FIRST AMENDED AND SUBSTITUED COMPLAINT

COME NOW Plaintiffs Edward Dennis, Matthew Chambers, Tanya Mitchell and Andrew Blake Williams (collectively "Plaintiffs"), by and through their attorneys Courtney Lowery and Josh Sanford of the Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint against Schell & Kampeter, Inc. ("Defendant"), they do hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs a proper overtime compensation for all hours that Plaintiffs worked over forty each week.

2. The purpose of this First Amended and Substituted Complaint is to add Matthew Chambers, Tanya Mitchell and Andrew Blake Williams as plaintiffs and to remove all collective action allegations.

## II.   JURISDICTION AND VENUE

3.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.   Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.   Defendant conducts business within the State of Arkansas, operating and managing a dog food plant in Desha County.

6.   Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.   Plaintiffs were employed by Defendant at its factory located in the Delta Division of the Eastern District.

8.   The acts alleged in this Complaint had their principal effect within the Delta Division of the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

9.   Plaintiff Edward Dennis ("Dennis") is a citizen of the United States and a resident and domiciliary of Arkansas.

10.   Plaintiff Matthew Chambers is a citizen of the United States and a resident and domiciliary of Arkansas.

11. Plaintiff Tanya Mitchell is a citizen of the United States and a resident and domiciliary of Arkansas.

12. Plaintiff Andrew Blake Williams is a citizen of the United States and a resident and domiciliary of Arkansas.

13. All four Plaintiffs were employed by Defendant within the three years preceding the filing of the Original Complaint.

14. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

15. Defendant is a foreign for-profit corporation, with its principal place of business in Meta, Missouri.

16. Defendant's registered address for service in Arkansas is Frost, PLLC, 425 West Capitol Avenue, Little Rock, Arkansas 72201.

17. Defendant does business under the name Diamond Pet Foods and/or Diamond Pet Company.

18. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

19. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

20. During each of the three years preceding the filing of the Original Complaint, Defendants continuously employed at least four (4) employees.

## IV.   FACTUAL ALLEGATIONS

21.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

22.   At all relevant times herein, Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

23.   At all times material herein, Plaintiffs have been misclassified by Defendant as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

24.   During the period relevant to this lawsuit, Plaintiffs worked as supervisors at Defendant's dog food factory.

25.   At all relevant times herein, Defendant directly hired supervisors to work in its factory, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26.   As supervisors, Plaintiffs were responsible for monitoring processes, filling in for absent employees, and completing shift changes with the incoming supervisor.

27.   Supervisors were scheduled for twelve-hour shifts.

28.   Supervisors were scheduled for four (4) shifts one week, and three (3) shifts the next week, totaling eighty-four (84) scheduled hours in each pay period.

29.   Supervisors were required to arrive at least thirty minutes before the start of the shift and stay at least thirty minutes after in order to "turn over" the factory to the next shift, adding approximately one hour to each scheduled shift.

30. Defendant failed to pay supervisors for at least (12) hours of overtime per week.

31. Supervisors were classic "blue collar workers" under the FLSA.

32. Plaintiffs did not hire or fire any other employee.

33. Plaintiffs were not asked to provide input as to which employees should be hired or fired.

34. At all relevant times herein, Defendants have deprived Plaintiffs of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

35. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## V.   FIRST CAUSE OF ACTION—Violation of the FLSA

46. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40)

hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. At all times relevant times to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

53. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VI. SECOND CAUSE OF ACTION—Violation of the AMWA

55. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

57. At all times relevant to this Complaint, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

58. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week,

unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

59.     At all times relevant to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the AMWA.

60.     Despite the entitlement of Plaintiffs to overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

61.     Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

62.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Edward Dennis, Matthew Chambers, Tanya Mitchell and Andrew Blake Williams respectfully pray as follows:

A.     That Defendant be summoned to appear and answer this Complaint;

B.     For a declaratory judgment that Defendant's practices alleged herein violate the FLSA;

C.     For a declaratory judgment that Defendant's practices alleged herein violate the AMWA;

D.     Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E. Judgment for damages for all unpaid overtime wage compensation owed under the AMWA;

F. Judgment for liquidated damages pursuant to the FLSA;

G. Judgment for liquidated damages pursuant to the AMWA;

H. For a reasonable attorney's fee, costs, and pre-judgment interest; and

I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**EDWARD DENNIS, MATTHEW CHAMBERS, TANYA MITCHELL and ANDREW BLAKE WILILAMS, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE (888) 787-2040

_____
Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com