IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**EDWARD DENNIS, MATTHEW**            **PLAINTIFFS**
**CHAMBERS, TANYA MITCHELL**
**and ANDREW BLAKE WILLIAMS**

vs.             No. 5:19-cv-296-LPR

**SCHELL & KAMPETER, INC.**            **DEFENDANT**

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND TO DISMISS LAWSUIT WITH PREJUDICE

COME NOW Plaintiffs Edward Dennis, Matthew Chambers, Tanya Michell and Andrew Blake Williams (collectively "Plaintiffs") and Defendants Schell & Kampeter, Inc., by and through their undersigned counsel, and respectfully move this Court to review the Parties' Settlement Agreement, to enter an Order approving the Settlement as fair and reasonable, and to dismiss this action with prejudice. In support of this motion, the Parties state:

1. Plaintiff Edward Dennis filed this action on September 13, 2019, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, *et seq. See* ECF No. 1. After conditional certification of a collective action and a court-ordered opt-in period, Plaintiff Dennis and Defendant stipulated to decertification of the collective action. ECF No. 27. Plaintiff filed a First Amended and Substituted Complaint on August 6, 2020, to add the three Opt-in Plaintiffs as named Plaintiffs. *See* ECF No. 29. Plaintiffs asserted that Defendant failed to pay Plaintiffs a proper overtime premium for hours worked in excess

Page 1 of 9
Edward Dennis, et al. v. Schell & Kampeter, Inc.
U.S.D.C. (E.D. Ark.) Case No. 5:19-cv-296-LPR
Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice

of forty per week as required by the FLSA and AMWA. Plaintiffs also sought liquidated damages and attorneys' fees. *Id.* Defendant asserted that Plaintiffs were properly compensated for all hours worked, including overtime pursuant to the FLSA and AMWA. *See* ECF Nos. 4, 30. A *bona fide* dispute exists between Plaintiffs and Defendant.

2. During the course of this litigation, the Parties engaged in formal and informal discovery regarding Plaintiffs' attendance and pay records, job duties, and other issues related to the underlying merits of Plaintiffs' claims and Defendant's defenses.

3. Following negotiations between counsel, the Parties have entered into a Settlement Agreement and Release (the "Settlement"), which resolves the litigation in full and requests dismissal of the above-captioned action with prejudice.

4. Circuits are split on whether a private settlement of an FLSA claim requires court approval. Compare *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Eighth Circuit has yet to decide this issue. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (citing *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (acknowledging that there are only two exceptions to the rule that FLSA claims cannot be waived, one of which is entry of a stipulated judgment by a district court in a private lawsuit under Section 216(b) of the FLSA)).

Page 2 of 9
Edward Dennis, et al. v. Schell & Kampeter, Inc.
U.S.D.C. (E.D. Ark.) Case No. 5:19-cv-296-LPR
Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice

5.   There are courts in both the Eastern and Western Districts of Arkansas that have concluded that courts are not required to review a settlement under the FLSA where, as here, "(1) the lawsuit is not a collective action; (2) all individual plaintiffs were represented by an attorney from the time of the filing of the complaint through the conclusion of subsequent settlement negotiations; and (3) all parties have indicated to the Court in writing through their attorneys that they wish for their settlement agreement to remain private and that they do not wish for any reasonableness review of their settlement to occur." *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-cv-5230-TLB, 2015 U.S. Dist. LEXIS 14679, at *7 (W.D. Ark. Feb. 5, 2015) (Brooks, J.); *see also* Order, *Kay v. Cactus Jacks,* No. 4:19-cv-053-LPR (E.D. Ark. Feb. 14, 2020), ECF No. 16 (dismissing case with prejudice without review based upon the parties' stipulation in light of *Schneider*); Order, *Marshall v. United Inv. Solutions, Inc.*, No. 4:18-cv-761-JM (E.D. Ark. Jan. 16, 2019), ECF No. 5 (dismissing case with prejudice without review based upon the parties' stipulation); *Willer v. Ark. Cty. Cty.-Op*, No. 4:17-cv-408-BSM, 2018 U.S. Dist. LEXIS 193793, at *1–2 (E.D. Ark. Nov. 14, 2018) (Miller, J.) (dismissing case without reasonableness review because three factors from *Schneider* were met); *Adams v. Centerfold Entm't Club, Inc.*, No. 6:17-cv-6047-SOH, 2018 U.S. Dist. LEXIS 187750, at *2–3 (W.D. Ark. Nov. 2, 2018) (Hickey, J.) (same); *Perez v. Garcia*, No. 4:16-cv-81-KGB, 2016 U.S. Dist. LEXIS 165788, at *2 (E.D. Ark. Dec. 1, 2016) (Baker, J.) (same) (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256 (5th Cir. 2012)).

6.   However, again, the Eighth Circuit has not conclusively decided this issue, and other district courts in the Eighth Circuit have reached altnerative conclusions.

Page 3 of 9
Edward Dennis, et al. v. Schell & Kampeter, Inc.
U.S.D.C. (E.D. Ark.) Case No. 5:19-cv-296-LPR
**Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice**

Therefore, the parties respectfully request that the Court review and approve the settlement agreement out of an abundance of caution.[1]

7. Despite uncertainty under the law regarding whether judicial approval is required, the Settlement is contingent upon the Court's review and approval of it. However, the Parties have agreed that the settlement terms shall remain confidential. Therefore, a copy of the Settlement Agreement is being submitted concurrently herewith for *in camera* review.[2] However, a denial of the request to review and approve the Settlement *in camera* will not affect the validity of the Settlement.

8. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353. A district court may approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n.8).

9. If the proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

---

[1] District Courts have agreed to review a settlement's FLSA-related terms for fairness "because declining to review the proposed settlement agreement would leave the parties in an uncertain position." *Walker v. Integra Affordable Mgmt., LLC,* No. 1:19-CV-1051, 2020 WL 3237758, at *1 (W.D. Ark. June 15, 2020); *see also Lowery v. ABM Indus. Inc.*, No. 1:19-CV-1038, 2020 WL 3259798, at *1 (W.D. Ark. June 16, 2020); *Sims v. Goodwill Indus. of Arkansas, Inc.*, No. 4:19-CV-00289-KGB, 2019 WL 5957177, at *2 (E.D. Ark. Nov. 12, 2019).

[2] The parties acknowledge the presumption of public access to settlement agreements for an FLSA collective or Rule 23 class action, which a court generally must review and approve. *Ewing v. Pizza Czar*,

Page 4 of 9
Edward Dennis, et al. v. Schell & Kampeter, Inc.
U.S.D.C. (E.D. Ark.) Case No. 5:19-cv-296-LPR
**Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice**

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

10. Here, the settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. Plaintiffs asserted that Defendant misclassified them as salaried employees exempt from the overtime requirements of the FLSA and AMWA, and therefore failed to pay Plaintiffs a proper overtime premium for hours worked in excess of forty per week as required by the FLSA and AMWA. Defendant asserted that Plaintiffs were properly exempt and therefore compensated for all hours worked, including overtime pursuant to the FLSA and AMWA. Defendant denies any liability or wrongdoing of any kind and affirmatively states that it complied with all applicable federal and state laws.

11. The Settlement was reached during formal litigation by experienced counsel representing both Parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arms' length. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, a trial, and, potentially, an appeal. This decision included evaluating the likelihood of prevailing on the merits of

---

No. 3:19-cv-232-LPR, 2020 U.S. Dist. LEXIS 43617, at *2 (E.D. Ark. Mar. 13, 2020). However, this is not a collective or Rule 23 class action, so this presumption is inapplicable to this case.

Page 5 of 9
Edward Dennis, et al. v. Schell & Kampeter, Inc.
U.S.D.C. (E.D. Ark.) Case No. 5:19-cv-296-LPR
**Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice**

their claims and defenses, as well as the amount of any additional fees and costs that would be incurred as a result of further litigation and the amount of additional fees and costs that will be incurred as a result of winding up this settlement.

12. Pursuant to the Settlement, Plaintiffs are receiving an amount which represents more than their calculated overtime damages. The Parties' compromise as to the full amount of liquidated damages is reasonable because recovery of liquidated damages is uncertain in FLSA cases. If this case proceeds to trial, Defendant plans to present arguments that it attempted in good faith to comply with the law. Moreover, the default statute of limitations for FLSA claims is two years but provides for a three-year statute of limitations for willful violations. 29 U.S.C. § 255. One Plaintiff has no damages under a two-year statute of limitations, and another only has one week of eligibility. Therefore, through the Settlement, Plaintiffs stand to recover damages that they might not have been able to obtain through trial.

13. Plaintiffs and their counsel have considered the potential value of their claims and concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals, despite Defendant's denial of the claims.

14. Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's

Page 6 of 9
Edward Dennis, et al. v. Schell & Kampeter, Inc.
U.S.D.C. (E.D. Ark.) Case No. 5:19-cv-296-LPR
**Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice**

fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). A stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778–80 (8th Cir. 2018) ("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee*, 927 F.3d at 1027. Nevertheless, a district court does retain the authority to ensure that the attorneys' fees were "negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Id.* at 1027 n.1.

15.  Pursuant to the Settlement, counsel for Plaintiffs is receiving about thirty-one percent of the total settlement amount. This amount is less than the amount anticipated by the written contingency fee agreement between Plaintiffs and their counsel. Counsel for Plaintiffs have incurred case costs and fees exceeding this amount, litigating this case from complaint drafting through conditional certification, informal discovery, calculation of damages, and extensive settlement negotiations. The allocation to counsel for Plaintiffs in reasonable.

16.  Accordingly, Plaintiffs and Defendant jointly seek dismissal, with prejudice, of Plaintiffs' claims in this action. The Parties further request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

**Page 7 of 9**
**Edward Dennis, et al. v. Schell & Kampeter, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 5:19-cv-296-LPR**
**Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice**

WHEREFORE, Plaintiffs and Defendant request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement, and for all other relief to which they may be entitled.

**Page 8 of 9**
**Edward Dennis, et al. v. Schell & Kampeter, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 5:19-cv-296-LPR**
**Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice**

Respectfully submitted,

**PLAINTIFFS EDWARD DENNIS, MATTHEW CHAMBERS, TANYA MITCHELL and ANDREW BLAKE WILLIAMS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and   **DEFENDANT SCHELL & KAMPETER, INC.**

QUATTLEBAUM, GROOMS & TULL, PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701

E.B. Chiles IV
Ark. Bar No. 96179
cchiles@qgtlaw.com

ARMSTRONG TEASDALE, LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile: (314) 621-5065

Daniel K. O'Toole
Ark. Bar No. 2016118
dotoole@atllp.com

Jeremy M. Brenner
*Pro hac vice*
jbrenner@atllp.com

**Page 9 of 9**
**Edward Dennis, et al. v. Schell & Kampeter, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 5:19-cv-296-LPR**
**Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice**