IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**EDWARD DENNIS et al.,**                                                                 **PLAINTIFFS**

**v.**                                    **Case No. 5:19-cv-00296-LPR**

**SCHELL & KAMPETER INC.**                                                       **DEFENDANT**

### ORDER

Before the Court is the Parties' Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice.[1] The Court grants in part and denies in part this Motion. The Court will dismiss the case with prejudice, but will not review the settlement agreement or the allotment of attorneys' fees and costs.

I do not see anything in the text of the FLSA that requires me to bless a settlement agreement between the Parties. I acknowledge the U.S. Supreme Court's rulings in *Brooklyn Sav. Bank v. O'Neil*[2] and *D.A. Schulte, Inc. v. Gangi*.[3] But the Fifth Circuit's decision in *Martin v. Spring Break '83 Prods., LLC*[4] persuades me that those cases should be construed narrowly and do not apply to the circumstances at bar. I note the Eighth Circuit has expressly left open this issue in *Barbee v. Big River Steel, LLC*.[5] The instant case is a bona fide dispute regarding hours worked and overtime paid. There was a conditionally-certified collective, but prior to this settlement the Parties agreed that the collective should be de-certified. Accordingly, this lawsuit is not currently

---

[1] Joint Mot. to Approve Settlement (Doc. 33).

[2] 324 U.S. 697 (1945).

[3] 328 U.S. 108 (1946).

[4] 688 F.3d 247 (5th Cir. 2012).

[5] 927 F.3d 1024, 1027 (8th Cir. 2019).

a collective action. And all of the Parties are represented by counsel, as they have been during the entire course of this litigation. Given all of the foregoing circumstances, the Court declines to review the settlement as well as the negotiated attorneys' fees and costs.

The Parties have requested that this case be dismissed with prejudice. And the Court understands that "a denial of the request to review and approve [the settlement agreement] . . . will not affect the validity of [the settlement agreement]."[6] As such, and pursuant to FED. R. CIV. P. 41, the Court grants the Joint Motion to the extent it requests dismissal of this case with prejudice.

IT IS SO ORDERED this 16th day of October 2020.

                                                                                  LEE P. RUDOFSKY
                                                                                  UNITED STATES DISTRICT JUDGE

---

[6] Joint Mot. to Approve Settlement (Doc. 33) at 4.